**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SHARATH CHANDRA VELAGAPUDI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:22-CV-295 SRW |
| ) | |
| UNITED STATES CITIZENSHIP AND ) | |
| IMMIGRATION SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion to dismiss filed by Defendants United States Citizenship and Immigration Services and Alejandro Mayorkas pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 12. Plaintiff Sharath Chandra Velagapudi opposes the motion, and it is fully briefed. For the following reasons, the motion to dismiss will be denied.

**I.     Background**

Plaintiff filed this action on March 11, 2022, against United States Citizenship and Immigration Services ("USCIS") and Alejandro Mayorkas, the Secretary of the Department of Homeland Security. ECF No. 1. Plaintiff is an Indian-born, Australian national currently residing in Maryland Heights, Missouri. He currently has an E-3 "Specialty Occupation Workers from Australia" visa.

The one-count complaint sought to compel Defendants to adjudicate his I-526 Immigrant Petition by Alien Entrepreneur ("Form I-526") pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555 *et seq.*, 706 *et seq.* On May 19, 2022, Defendants filed a motion to dismiss. ECF No. 6. On June 8, 2022, Plaintiff filed an amended complaint, adding a second count pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.* ECF No. 9.

1

Within the amended complaint, Plaintiff asserts he filed a Form I-526 with the USCIS on or about November 3, 2021. A Form I-526 is a petition used by immigrant investors seeking to obtain an EB-5 visa. *See* 8 C.F.R. §§ 204.6(a), (c), (j). Originally, EB-5 visas were limited to immigrants who invested a certain amount of capital into a new commercial enterprise that created full-time employment for at least ten American workers. Immigration Act of 1990, Pub. L. No. 101-649, § 121(a), 104 Stat. 4978, 4989 (Nov. 29, 1990) (codified at 8 U.S.C. § 1153(b)(5)); *see also* 8 C.F.R. § 204.6(j) (2020) (defining the requirements and process for EB-5 "alien entrepreneur" classification). Plaintiff describes the Form I-526 he filed under this scheme as his "direct petition."

Congress subsequently passed legislation to increase the flexibility of EB-5 visas by expanding eligibility to immigrants who participated in pooled investments and job creation within an approved Regional Center (hereinafter "Regional Center Program").[1] *See* 8 C.F.R. § 204.6(m). Plaintiff alleges Regional Center Program petitions "may account for more than 90% of the visas issued." Am. Comp. ¶¶ 18, 23. Plaintiff asserts his Form I-526 qualifies as a direct petition because it was not filed through the Regional Center Program. *Id.*

On June 30, 2021, statutory authorization for the expanded EB-5 Regional Center Program lapsed and was not renewed by Congress until March of 2022. *See* ECF No. 13 at 6 (citing EB-5 Reform and Integrity Act of 2022, § 103(b)(1)). During the period of lapsed authorization, the USCIS held in abeyance Regional Center Program petitions filed before July 1, 2021. Am. Comp. ¶ 19. Plaintiff alleges that during the lapse in authorization "one would have

---

[1] The Regional Center Program is more flexible than the original direct investment model because multiple investors may aggregate their investments, and one new commercial enterprise ("NCE") can serve as the basis for multiple EB-5 petitions, so long as each investor individually meets the monetary and job creation requirements. *See* 8 C.F.R. § 204.6(g).

2

expected Direct EB-5 processing times to accelerate significantly, but they did not," which suggests "malfeasance due to the lack of productivity." *Id.* at ¶ 23.

Plaintiff claims his Form I-526 meets all of the requirements for approval; however, Defendants have failed to timely adjudicate his petition.[2] At the time of filing this action, his petition was pending for approximately four months. Plaintiff claims the delay in acting on his Form I-526 is in violation of the APA because administrative agencies are required to conclude matters "within a reasonable time." ECF No. 9 at 14 (citing 5 U.S.C. § 555(b)).

Attached to the amended complaint are ninety-two pages of exhibits, including documents from a government website reflecting that the average processing time for an I-526 petition is approximately 48 months. *See* ECF No. 9-1 at 1-17. Plaintiff claims the delay in processing I-526 petitions "is nonsensical," reflects a "dysfunctional USCIS office," and evidences the USCIS Immigrant Investor Program Office ("IPO") is in "disarray." Am. Comp. ¶¶ 12, 26-27. Plaintiff alleges the failure of USCIS to timely process his Form I-526 causes him instability in his financial and personal life as he faces the risk of losing business opportunities, investment returns, employment, and the potential need to leave the United States at the expiration of his E-3 status. ECF No. 9-1 at 19-22.

As to his FOIA claim, Plaintiff asserts he submitted a request on February 8, 2022 seeking, among other things, various records from USCIS and IPO related to their receipt,

---

[2] The Court notes that the approval Plaintiff seeks is not the final step in EB-5 visa issuance. Even after receiving approval of an immigrant visa petition, petitioners must still show, among other things, eligibility to receive an immigrant visa. *See Firstland Int'l, Inc. v. U.S. I.N.S.*, 377 F.3d 127, 129 n.3 (2d Cir. 2004) (citing 8 U.S.C. § 1255(a) ("That is, the [USCIS's] approval of an immigrant visa petition is distinct from the issuance of an immigrant visa.")). Once USCIS has approved an I-526 petition, the applicant may then apply for two-year conditional lawful permanent resident ("LPR") status. 8 U.S.C. § 1186b(a). The investor can eventually qualify for full, nonconditional LPR status by submitting a petition that demonstrates the investor has "maintained his or her capital investment" for over two years and "created or can be expected to create within a reasonable time ten full-time jobs for qualifying employees." 8 C.F.R. § 216.6(a)(4)(iii)-(iv).

3

processing, and adjudication of Forms I-526, I-829, and I-924, as well as the processes and policies related to the handling of such petitions. Am. Comp. ¶ 54, ECF No. 9-1 at 24-26. On February 16, 2022, Defendants sent Plaintiff a letter confirming receipt of the request. *Id.* at ¶ 55, ECF No. 9-1 at 28-30. On March 2, 2022, Defendants corresponded with Plaintiff for the purpose of seeking clarification regarding his requests. Am. Comp. ¶ 56, ECF No. 9-1 at 32-34. Plaintiff responded to the USCIS on April 6, 2022. Am. Comp. ¶ 57, ECF No. 9-1 at 36-39. Plaintiff states he has yet to receive the information requested, and, at the time of filing his amended complaint, "83 working days have passed since Defendants received Plaintiff's request and more than 44 working days have passed since Plaintiff provided the requested information." Am. Comp. ¶¶ 13, 59, 60. Plaintiff claims the delay is in violation of FOIA, which requires a 20-day response. *Id.* ¶ 61.

For relief, Plaintiff requests the Court to issue an order directing Defendants to adjudicate his Form I-526 within fifteen days, and to direct that his FOIA request be immediately processed and all responsive records be released.

**II.    Motion to Dismiss**

On June 21, 2022, Defendants filed the instant motion seeking to dismiss Plaintiff's APA claim (Count I). ECF No. 12. Defendants contend the amended complaint fails to plausibly allege that Plaintiff's I-526 Form has been unreasonably delayed and should, therefore, be dismissed for failure to state a claim. In a footnote, the Defendants address why they did not move to dismiss the FOIA claim (Count II):

> Defendants move solely on Count I at this time, which was the basis of Defendants' original motion to dismiss. The FOIA claim, added to the Amended Complaint as Count II, is still being investigated by undersigned counsel, which cannot be meaningfully completed within the 14-day window prescribed by Rule 15(a)(3). In essence, the present motion to dismiss seeks to bifurcate the claims. On that posture, Defendants "are not required to answer a single count while a

4

>motion to dismiss related to other counts is pending." *Skelton Truck Lines Ltd. v. PeopleNet Communications Corp.*, 2017 WL 11570877 at *15 (D. Minn. Jan. 18, 2017). Once this Court decides this motion, Defendants will either answer the Amended Complaint or file a subsequent motion on Count II, as appropriate.

ECF No. 13 at 9, n.8.

On July 19, 2022, Plaintiff filed his response in opposition to Defendants' motion to dismiss. ECF No. 18. Plaintiff asserts his amended complaint sufficiently and plausibly pleads unreasonable agency delay under the APA. *Id.* at 6. He further argues his APA claim is inappropriate for dismissal at this stage of the litigation because the evidence necessary for the Court to evaluate this controversy can only be determined after a period of discovery. *Id.* at 1.

### III.    Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but must include sufficient factual information to provide the "grounds" on which the claim rests, and "to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555 & n.3. *See also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (quoted case omitted). On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, and reviews the

complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555–56; Fed. R. Civ. P. 8(a)(2).

IV. Discussion

### *A. FOIA Claim (Count II)*

Defendants assert they do not seek to dismiss Plaintiff's FOIA claim in the instant motion because it "is still being investigated by counsel." ECF No. 13 at 9, n.8. Defendants represent they could not have "meaningfully completed [a review of the FOIA claim] within the 14-day window prescribed by Rule 15(a)(3)." *Id.* Rather, Defendants indicate their intent to "either answer the Amended Complaint or file a subsequent motion on Count II as appropriate" after "this Court decides this motion." *Id*. Defendants state that, "[i]n essence, the present motion to dismiss seeks to bifurcate the claims." *Id.*

Because Defendants have not argued for dismissal of the FOIA claim, it will not be addressed in the instant Memorandum and Order. Further, the Court notes that it will *not* entertain a future second motion to dismiss addressing the FOIA claim because it is inappropriate to file additional motions to dismiss raising defenses or objections that could have been raised by an earlier motion but were omitted. *See, e.g.*, *Garrett v. Cassity*, 2011 WL 3235633 at *3 (E.D. Mo. July 28, 2011) (new arguments contained in second motion to dismiss that could have been raised in initial motion to dismiss were waived under Rule 12(g)(2)). If Defendants were unable to file a complete and "meaningful" responsive pleading within the time allotted by the Federal Rules of Civil Procedure, a motion for an extension of time to file a responsive pleading would have been the appropriate course of action. While Defendants state they "[i]n essence . . . seek[] to bifurcate the claims," they have not filed a formal motion for bifurcation. Moreover, the case Defendants cite in support, *Skelton Truck Lines Ltd. v. PeopleNet Communications Corp.*, 2017

6

WL 11570877 at *15 (D. Minn. Jan. 18, 2017), provides a defendant is not in default if it files a motion to dismiss for some, but not all of the counts. *Skelton* does not address bifurcation or support a party's ability to file successive motions to dismiss in the context suggested here.

Therefore, the Court will decline to grant Defendants' request to bifurcate the claims in Plaintiff's Amended Complaint.

### *B. APA Claim (Count I)*

Plaintiff alleges the adjudication of his Form I-526, filed on November 3, 2021, has been unreasonably delayed. In the instant motion, Defendants argue the amended complaint fails to state a claim under the APA because the time the agency is taking to process Plaintiff's Form I-526 is reasonable as a matter of law.

Defendants first summarize the statutory and regulatory background of EB-5 visas, including USCIS's process for handling Form I-526 petitions. Defendants explain the USCIS originally managed pending I-526 petitions on a first-in, first-out ("FIFO") basis until it was modified on March 31, 2020 to a "Visa Availability" approach. ECF No. 13 at 3-4. The Visa Availability approach gives priority to petitions where visas are immediately available or soon to be available. *Id.* The USCIS ascertains availability by comparing the petitioner's country of birth with the State Department's Visa Bulletin, which identifies the available number of visas by country. *Id.* at 2-5. *See also* 8 U.S.C. §§ 1101 *et seq*. (the Immigration and Nationality Act authorizes the issuance of visas to different categories of immigrants and places annual limits on the number of immigrants who may receive visas to become lawful permanent residents). Once a Form I-526 is determined to have a visa available, or soon to be available, the agency then resumes adjudication in FIFO order. ECF No. 13 at 4.

Defendants and Plaintiff both acknowledge there is no statutorily created time required for the adjudication of Forms I-526. Instead, the APA mandates that an agency must conclude a matter presented to it "within a reasonable time." 5 U.S.C. § 555(b). Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . is entitled to judicial review thereof," *id*. § 702, and "[t]he reviewing court shall – (1) compel agency action unlawfully withheld or unreasonably delayed," *id.* § 706. Thus, the APA provides this Court with "limited authority . . . to review whether agency action has been 'unlawfully withheld or unreasonably delayed[.]'" *Org. for Competitive Markets v. U.S. Dep't of Agric.*, 912 F.3d 455, 461-62 (8th Cir. 2018) (quoting 5 U.S.C. § 706).

Though "an agency's mere failure to act is usually not a final agency action triggering judicial review . . . a claim under § 706(1) should be reviewed as a petition for a writ of mandamus." *Id*. at 462. For example, under the Mandamus Act, federal courts may issue writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "The standard for undue delay under the Mandamus Act . . . is identical to the APA standard." *Kangarloo v. Pompeo*, 480 F. Supp. 3d 134, 142 (D.D.C. 2020) (citing *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63-64 (2004)); *see also Mohammad v. Blinken*, 548 F. Supp. 3d 159, 164-65 (D.D.C. 2021) (quoting *Kangarloo*, 480 F. Supp. 3d at 142).

In determining whether a delay in agency action is reasonable or not, Defendants point to the six "*TRAC* Factors" as the standard for consideration. These factors include:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
>
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

8

> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
>
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
>
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Telecomms. Rsch. & Action Ctr. v. FCC* ("*TRAC*"), 750 F.2d 70, 80 (D.C. Cir. 1984) (internal quotation marks and citations omitted). *See also Irshad v. Johnson*, 754 F.3d 604, 607-08 (8th Cir. 2014) (applying the *TRAC* factors to an agency delay claim under § 706(1)).

Defendants argue the first and second *TRAC* factors are favorable to them because the Visa Availability approach has already been judicially determined to satisfy the "rule of reason," and Plaintiff's Form I-526 has only been pending for approximately eight months which does not constitute unreasonable delay as compared to other similarly situated petitioners. Defendants cite to USCIS's website to highlight that the processing time for I-526 petitions filed by "non-mainland-born Chinese petitioners is currently 48.5 months, which reflects the time it took USCIS to adjudicate 80 percent of cases over the preceding six months." ECF No. 13 at 13.

Defendants further assert the third and fifth factors also weigh in their favor because Plaintiff has not alleged the kind of serious health and welfare interests that would support granting relief. For example, Defendants contend that Plaintiff's grievances of having to put his life on hold and possibly depart from the United States are the sort of harms or prejudice inherent in the adjudication process as there is no guarantee his EB-5 visa will ultimately be approved. As to the fourth factor, Defendants argue Plaintiff is essentially requesting to skip the line, which would work to unfairly move all earlier filed Form I-526 petitions behind his own.

In response, Plaintiff agrees the merits of this case will ultimately be decided by applying the *TRAC* factors. ECF No. 18 at 3. Plaintiff insists, however, that applying the *TRAC* factors at this stage of the litigation would be premature and "urges this Court to defer analysis of *TRAC* and the facts of this case following discovery, perhaps upon a motion for summary judgment." *Id.* In support, Plaintiff cites to *Raju v. Cuccinelli*, 2020 WL 4915773 (N.D. Cal. Aug. 14, 2020), in which the district court declined to dismiss the complaint of ten plaintiffs who were alleging 22-to-29-month delays in the adjudication of their visa petitions. *Raju* explained that even though there is no statutorily mandated timeline for USCIS to process EB-5 petitions, and legitimate reasons may exist for delays, whether such delays are reasonable can only be determined after discovery. *Id.* at *1. Plaintiff highlights *Raju*'s description of the *TRAC* factors as "fact intensive," which would be inappropriate to address within a Rule 12(b)(6) motion. *Id.* at n. 2.

Defendants reply by citing to numerous cases, mostly from the United States District Court for the District of Columbia, in which Rule 12(b)(6) motions in unreasonable visa delay cases have been granted after applying a full *TRAC* factor analysis. ECF No. 20 at 3.

The United States District Court for the Eastern District of Missouri has not explicitly determined whether the application of a *TRAC* analysis is premature in a Rule 12(b)(6) dismissal. Recently, the Honorable Stephen R. Clark acknowledged the split in authority for use of the *TRAC* factors to decide a motion to dismiss:

> Because the *TRAC* factors originated in the unique context of a petition for review in the court of appeals, *see* Fed. R. App. P. 15, some debate exists regarding whether a district court properly considers the *TRAC* factors at the motion-to-dismiss stage, compare *Thomas v. Pompeo*, 438 F. Supp. 3d 35, 44 (D.D.C. 2020) (noting that application of the *TRAC* factors requires a "fact intensive inquiry" and declining to evaluate them at the motion-to-dismiss stage) with *Ghadami v. U.S. Dep't of Homeland Security*, No. 19-397, 2020 WL 1308376, at *7 n.6 (D.D.C. March 19, 2020) ("In applying these factors, the Court is not determining whether there has been an unreasonable delay; rather, it is determining whether

> plaintiffs' complaint has alleged facts sufficient to state a plausible claim for unreasonable delay.")

*Wilkes v. Blinken*, 2022 WL 1288402, *5 (E.D. Mo. June 1, 2022). Judge Clark then proceeded to analyze the *TRAC* factors as to whether a K-1 fiancée visa was unreasonably delayed, but *only* because both parties agreed in their briefings that it would be appropriate to apply such factors in their case. *Id.* Other than in *Wilkes*, this Court appears to have previously only applied the *TRAC* factors in the context of a motion for summary judgment. *See, e.g.*, *Takkallapalli v. Chertoff*, 487 F. Supp. 2d 1094 (W.D. Mo. May 24, 2007), *Bemba v. Holder*, 930 F. Supp. 2d 1022, 1030 (E.D. Mo. Mar. 11, 2013), and *Ayyoubi v. Holder*, 2011 WL 2983462 (E.D. Mo. July 22, 2011), *appeal dismissed, judgment vacated in part*, 712 F.3d 387 (8th Cir. 2013).

This Court has carefully reviewed all of the cases cited by the parties in their underlying briefs, and will decline to analyze the *TRAC* factors at this stage of the litigation. Within the Eighth Circuit, the United States District Court of the District of Minnesota has repeatedly held, and this Court agrees, that the inquiry of "[w]hether delay is unreasonable in the context of immigration applications is a highly fact-intensive inquiry." *Rambang v. Mayorkas*, 2012 WL 2449927, at *5 (D. Minn. June 27, 2012) (citing *Sawad v. Frazier*, 2007 WL 2973833, at *4-5 (D. Minn. Oct. 9, 2007)). In acknowledging the fact-intensive nature of the same inquiry before this Court, the Fourth Circuit in *Gonzalez v. Cuccinelli*, 985 F.3d 357 (4th Cir. 2021), reversed the dismissal of an agency delay case stating, "[a] claim of unreasonable delay is necessarily fact dependent and thus sits uncomfortably at the motion to dismiss stage and should not typically be resolved at that stage." *Id.* at 375. *Gonzalez* explained that, at the pleading stage, the Court does not have enough information regarding how the agency implements its rules and exceptions or what kind of resource constraints and competing priorities exist, if any. *Id.*

11

Here, Plaintiff has submitted a twenty-five page amended complaint alleging the type of immigration petition for which he applied, the delay he experienced, the reasons why the USCIS's delay was unreasonable, and the personal and professional injuries the delay has caused and continues to cause. Embedded in his allegations is a description of how Defendants historically and presently adjudicate Form I-526 submissions, and the circumstances evidencing how the delays in processing I-526 petitions are in violation of the APA. Plaintiff attaches numerous documents to support his allegations. Plaintiff does not challenge the Visa Availability approach itself but, rather, the USCIS's alleged failure to follow the judicially approved approach.

While Defendants argue an eight-month delay is not unreasonable, this Court, like *Gonzalez*, does not have sufficient factual information to determine if the circumstances present here do or do not qualify as an unreasonable delay as a matter of law. Plaintiff alleges USCIS should have processed direct I-526 petitions at a higher rate of speed due to the Regional Center Program lapse, points to out-of-order adjudications, and asserts the delay in processing his petition could not have been caused by a lack of agency resources because fee schedules have been established by USCIS to cover the costs of efficient adjudication. The Court finds it would be premature at this stage of litigation to conclusively accept that the time it has taken the USCIS to adjudicate Plaintiff's petition was either reasonable or unreasonable.

The first two *TRAC* factors alone, which require the Court to consider whether the time USCIS takes to process petitions is governed by a rule of reason, highlights the fact-intensive inquiry present in the instant matter. Plaintiff asserts USCIS has no rule of reason for the adjudication of Forms I-526 because: (1) it does not follow a logical order to process the petitions; (2) does not use the FIFO method after identifying visa availability; (3) improperly

12

adjudicates later-filed Forms I-526 prior to earlier-filed Forms I-526; and (4) arbitrarily expedites certain NCE petitions, but not others. Amend. Comp. ¶¶ 68, 73. Plaintiff cites to a USCIS publication indicating the processing time is approximately 48 months, *id.* ¶ 21, which the USCIS Director allegedly admitted is "too long," *id.* ¶ 28. Plaintiff has also pointed to USCIS case status information evidencing Plaintiff's Form I-526 was passed over by other subsequently filed petitions. *See* ECF No. 18 at 15-16. In order to respond to Plaintiff's allegations, Defendants point to the USCIS Policy Manual and sections of the USCIS website.

Plaintiff has raised factual questions as to whether USCIS actually processes petitions according to the Visa Availability approach. "[W]hether USCIS actually follows its purported rule of reason is a question of fact unsuitable for determination at the pleadings stage." *Gutta v. Renaud*, 2021 WL 533757, at *8 (N.D. Cal. Feb. 12, 2021). *See also Nadhar v. Renaud*, 2022 WL 684338, at *4 (D. Ariz. Mar. 8, 2022) ("The first *TRAC* factor carries the most weight. It also exposes the questions of fact that remain live in this matter, which favor denying the motion to dismiss.") (internal citation omitted).

Plaintiff has also questioned whether USCIS's eight-month delay in adjudicating his Form I-526 was unreasonable because of the Congressional lapse in processing Regional Center Program petitions, which allegedly account for the majority of EB-5 visa applications. "What constitutes an unreasonable delay in the immigration context 'depends to a great extent on the facts of the particular case.'" *Haus v. Nielsen*, 2018 WL 1035870, at *3 (N.D. Ill. Feb. 23, 2018) (quoting *Yu v. Brown*, 36 F. Supp. 2d 922, 935 (D.N.M. 1999)); *see also Gelfer v. Chertoff*, 2007 WL 902382, at *2 (N.D. Cal. Mar. 22, 2007) (finding it "premature" at the motion to dismiss stage "to consider the exact sources of the delay to determine whether the delay was actually unreasonable under the circumstances").

Moreover, this Court does not find it appropriate to consider website excerpts in a motion to dismiss in order to determine whether USCIS's adjudication of petitions is reasonable or unreasonable as a matter of law. *See, e.g., Pandya v. Cuccinelli*, 2021 WL 119304, at *7 (D.S.C. Jan. 13, 2021) ("Nor does the court find that taking judicial notice of certain statements and statistics from USCIS's website would be sufficient to apply the *TRAC* Factors at this stage."); *Weday v. Mayorkas*, 2022 WL 1143227, at *5 (W.D. Wash. Mar. 22, 2022), *report and recommendation adopted*, 2022 WL 1136803 (W.D. Wash. Apr. 18, 2022) (declining to apply *TRAC* factors in the motion to dismiss stage because it would require the Court to inappropriately consider extrinsic evidence).

Thus, looking at just the first two *TRAC* factors, this Court cannot determine whether or not an unreasonable delay exists as a matter of law, especially when there is no statutory requirement to adjudicate within a specific time. *See, e.g.*, *Patel v. Cissna*, 400 F. Supp. 3d 1373, 1384 (M.D. Ga. 2019) (declining to evaluate the *TRAC* factors on a motion to dismiss because it would rely on evidence outside the pleadings); *Ruiz v. Wolf*, 2020 WL 6701100, at *4 (N.D. Ill. Nov. 13, 2020) ("at this early stage, the court has insufficient information with which to evaluate these [*TRAC*] factors"); *CRVQ v. U.S. Citizenship & Immigration Servs.*, 2020 WL 8994098, at *6 (C.D. Cal. Sep. 24, 2020) (finding the "*TRAC* test is fact-intensive, and courts have declined to resolve whether the *TRAC* test has been satisfied at the pleadings stage, including with respect to immigration applications"); *Karimushan v. Chertoff*, 2007 WL 9813304, at *1 (E.D. Pa. Dec. 17, 2007) (a *TRAC* analysis "requires a factual analysis that is simply inappropriate at this [Rule 12(b)(6)] stage of the proceedings").

The Court finds Plaintiff pleaded sufficient and plausible allegations as to unreasonable delay, which must be accepted as true at this stage of the litigation. The Court will therefore

decline to dismiss this case. Defendants will be entitled to test Plaintiff's allegations on summary judgment or at trial.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss filed by Defendants United States Citizenship and Immigration Services and Alejandro Mayorkas pursuant to Federal Rule of Civil Procedure 12(b)(6) is **DENIED**. [ECF No. 12].

So Ordered this 23rd day of September, 2022.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE